**Brian C. Smith**
SMITH LAW PLLC
PO Box 8121
Missoula, MT  59807
Telephone: (406) 274-0087
Facsimile: (406) 235-7078
brian@briancarlsmithlaw.com

*Attorney for Defendant, HANNAH NICHOLE PARKER*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No.:     CR 16-28-M-DLC |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| HANNAH NICHOLE PARKER, | |
| Defendant. | |

## INTRODUCTION

How we treat citizens who make mistakes (even serious mistakes), pay their debts to society, and deserve a second chance reflects who we are as a people and reveals a lot about our character and commitment to our founding principles.  And how we police our communities and the kinds of problems we ask our criminal justice system to solve can have a profound impact on the extent of trust in law enforcement and significant implications for public safety.

Barrack Obama, *The President's Role in Advancing Criminal Justice Reform*, 130 Harv. L. Rev. 811, 812 (2017).

The present case involves a conspiracy to commit robbery.  On May 7, 2016, Hannah Parker and three others were involved in a robbery in Missoula Montana that rocked the community.  After the robbery, a family was taken against their will but eventually released.  The two men who took the family engaged in dangerous and serious conduct.  There can be no denying the seriousness of the criminal activity in this case.

Hannah was part of these events.  However, what happened that night is not representative of the type of person she is.  What the Court can see from the Presentence Report is that Hannah is a young, drug addicted, misguided woman with significant potential to be a law abiding productive member of society.  She will need to pay her debt to society and deserves a second chance.  She, like others before her, is caught in the dark hole of illegal drugs.  It was in this realm she met and associated with the three other individuals in this case, Carissa Kopp, Thomas Dempsey, and Nick West.  The sentence pronounced by this court will give her the opportunity to break out of this drug cycle.

## OBJECTIONS

Objection No. 1 – Application of Offense Conduct Increases

**Ms. Parker withdraws this objection.**

Objection No. 2 – Restitution

**Ms. Parker withdraws this objection.**

To the extent that Ms. Parker has asked the PSR writer to make factual corrections to the PSR, he has included those assertions in the final PSR.  While Ms. Parker does not

endorse the statements made by Mr. Dempsey, she does not wish to advance those corrections.  Ms. Parker does not believe she can prevail in her corrections and any attempt to do so would not be in her best interest.

## 3553 (a) FACTORS

"The court shall impose a sentence sufficient, but not greater than necessary…." 18 U.S.C. § 3553 (a).  There are several considerations in 3553 (a) that are discussed below.

(1) <u>nature and circumstance of the offense and the history and characteristics of the defendant</u>

### **<u>Nature and Circumstance of the Offense</u>**

It cannot be emphasized enough that the criminal conduct in this matter is significant and troubling.  While two men entered the Deno's Travel Plaza to steal money, two women, Hannah and Kopp waited in the car.  Kopp was the getaway driver. The allegations of the government, which are acquiesced to, were that eventually Hannah would replace Kopp and become the new getaway driver and that Dempsey was showing her how it was done.  Hannah was in the car the robbers intended to use to leave the scene.  Kopp, who was driving left the scene prior to the completion of the robbery and the robbers used other means to flee the scene.  Hannah engaged in communication with one of the robbers, Dempsey, after the robbery and received some benefit from the money stolen.

Hannah was clearly a minimal participant in the conspiracy. Even assuming what Mr. Dempsey said was true, it does not change her role in the offense. Hannah does not endorse all the facts alleged by Mr. Dempsey but agrees she is responsible. She takes responsibility, however her role in the matter was clearly limited. Other allegations or plans for robberies on future date do not change her role in this offense.

### History and Characteristics of the Defendant

Hannah is a 21-year-old, single white female with a minimal criminal record. While Hannah has one prior felony offense, the conviction date is June 28, 2016, after the present offense. She has one prior misdemeanor offense, a theft, for which she plead guilty to taking $23.24 worth of merchandise from Walmart in 2014. Her prior felony offense was drug related. Hannah does not have a significant criminal history.

Hannah has had a difficult life. She was born in 1995 in California and she never knew her birth father. Her mother was a drug addict and, as a result, six months after her birth, Hannah was adopted. Her birth mother died in part because of substance abuse. Hannah was physically abused as a child and between the ages of six and thirteen she was sexually abused. Hannah had a significant relationship at age 16 with an individual who died because of a drug overdose. She moved around at age 16 and was homeless for periods of time. Her only treatment was at the Montana Chemical Dependency Center in 2015. She has limited family support, as one reporter put it, she appeared to "fall by the wayside" with her family. She was essentially discarded by her family because of her

substance abuse.  Hannah was a "good kid" aside from her drug addiction and was starved for love during her childhood.

Hannah, again because of her drug use, has some significant physical impairments. She has medical challenges most people don't see at age 21.  Hannah has mental and emotional challenges that will be minimally helped during incarceration.

Hannah would like to pursue education in the field of psychology and social work in the future.  While her past has been troubled, she still has a future.  Hannah currently is serving a three-year commitment to the Montana Department of Corrections.  The sentence was imposed partly because of these charges and largely due to her drug abuse. Prior to these charges, it was anticipated that she would receive a suspended sentence on her State charges.

(2) need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and, to provide the defendant with needed educational or vocational training, medical care, or other treatment

The offense is serious.  Hannah is facing up to twenty years in federal prison.  She will be incarcerated because of her minimal participation.  A period of federal custody will be enough to promote respect for the law.  A period of incarceration for three years, 36 months, will provide a just punishment for the offense.  Further, it will provide both a general and specific deterrence.

Specifically, Hannah has never experienced a period of incarceration and there is nothing to indicate that it will not have the needed effect. Further, there is general deterrence in a custodial sentence for a minimal participant, when coupled with the expected more significant sentences for the other co-defendants. The significant amount of restitution will also be a general deterrent.

A period of incarceration will also protect the public. Vocation training, substance abuse treatment, and education will provide Hannah with the tools to be a productive member of society. Hannah is not a danger to society.

(3) the kinds of sentences available and (4) kinds of sentences and sentencing range

Hannah is facing up to 20 years imprisonment and up to $250,000 fine. 18 U.S.C. § 1951(a). A criminal history score of 4 places her in a category III and her total offense level is 26. Her guideline calculations suggest an imprisonment range of 78 to 97 months. The Court may impose a period of supervised release of three years. Hannah is not eligible for a probationary sentence. A special assessment of $100 is mandatory.

 (5) any pertinent policy statement by the Sentencing Commission

**§5H1.1 Age**

Hannah is young and has no criminal history prior to the age of 19. She can gain skills, receive treatment and live a long law abiding life. She has had significant challenges in her young life and has not received the support one would normally expect. Her youth in this case is a reason to depart downward.

**§5H1.4 Drug Dependence**

While ordinarily not a reason to depart, a relatively short sentence can accomplish a treatment recommendation the Court will hopefully impose. Hannah does wish to participate in RDAP. She would agree that monitoring for substances while on probation will be important. A significant custodial period is not required for treatment and there is no indication treatment in the community will not be effective once she is on supervised release.

**§5H1.8 Criminal History (§4A1.3(b))**

Hannah has no criminal history prior to the age of 19. She has one misdemeanor offense and one felony which she was sentenced on after the present offense. Although her criminal history score is accurately calculated it does over-represent the seriousness of her criminal history and the likelihood she will commit other crimes. Her entire criminal history happened within the past two years of her young life. A downward departure for an over-represented criminal history is appropriate.

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Hannah is unaware of the sentences that her co-defendant's will receive. She understands, given the circumstance of the case, that the co-defendants are looking at higher guideline calculations. A variance from the guidelines and a sentence of 36 months would not be an unwarranted sentence given her role and her circumstances in the conspiracy.

<u>(7) the need to provide restitution to any victims of the offense</u>

The need to provide restitution to the victims of this case is significant. And while there may be a legal objection to part of the restitution requested, Hannah withdraws her objection. She is extremely sorry for the pain and suffering inflicted on the victims of this case and would like to make them whole to the extent possible. She would like to take advantage of vocational training while in federal custody and will pay as much restitution as she can. She does not object to the restitution amount of $23,106.98.

Further, the order of full restitution will provide a greater general deterrence as it did in <u>United States v. Edwards</u>, 595 F.3d 1004 (9th Cir. 2010), and contribute to the requested three-year sentence as being not greater than necessary. The significant amount of restitution will be a sufficient general and specific deterrence to prevent Hannah from engaging in this type of action in the future and provides maximum benefits to the victims of the case.

Hannah understands, given the circumstances of the case, that she may be alone in the repayment of restitution for some time. She is eager to become a productive member of society and repay her debt from this criminal activity. She would like to make it right and does not object.


//

## CONCLUSION

Hannah Parker will be sentenced by this Court as being part of a very serious offense. Her role in the offense, her age, her drug dependence, her desire to make the victims whole, her lack of appropriate support and upbringing and her over-represented criminal history all support a 36 month sentence as being sufficient but not greater than necessary. She would request the Court sentence outside the sentencing guidelines.

Further, Hannah would respectfully request a recommendation of placement at the federal facilities in Dublin, California and that the Court recommend participation in RDAP.

Respectfully submitted this 18th day of January, 2017.


By:    /s/  Brian C. Smith

## CERTIFICATE OF SERVICE

I hereby certify that, on January 18, 2017, a copy of the foregoing document was served on the following persons by the following means:

 1/2         CM/ECF

___          Hand Delivery

 3           Mail

___          Overnight Delivery Service

___          Fax

___          E-mail

    1.  Clerk, U.S. District Court

    2.  Tara Elliot
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Missoula, MT

    3.  Hannah Parker

By:  /s/ Brian C. Smith