**TARA J. ELLIOTT**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, Montana 59807
105 E. Pine, 2nd Floor
Missoula, Montana 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Tara.Elliott@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**HANNAH NICHOLE PARKER,**<br><br>Defendant. | CR 16-28-M-DLC<br><br>**SENTENCING MEMORANDUM** |

The United States of America, by and through Tara J. Elliott, Assistant U.S. Attorney for the District of Montana, provides the Court with a memorandum in aid of sentencing of the defendant.

## INTRODUCTION

The defendant pleaded guilty to the crime of conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a). PSR ¶ 23. The Presentence Investigation Report (PSR) writer has calculated the defendant's total offense level as 26 and her criminal history category as III, which results in an advisory guideline range of 78 to 97 months of imprisonment. PSR ¶ 130.

The government and defense have no objections to the PSR. The government requests this Court impose a sentence between 78 and 97 months of imprisonment.

## SENTENCING RECOMMENDATION

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment for the offense; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences

available, the sentencing guidelines and policy statements, to avoid unwarranted sentencing disparities, and to provide restitution to victims. § 3553(a)(1), (3)-(7).

In this case, a sentence between 78 and 97 months of imprisonment satisfies all of the § 3553(a) criteria without being greater than necessary. The PSR writer and the United States Attorney's Office believe that Parker was a "minimal participant" in this crime and she appropriately received a four-level downward departure under USSG §3B1.2(a). Nevertheless, Parker was a passenger in the "getaway" vehicle in this case and evidence in the PSR supports the theory that Parker's role was to increase as additional robberies took place. A sentence within the advisory guidelines range takes into account Parker's particular role in this conspiracy and is reasonable in this case.

Given the seriousness of this offense, a sentence of 78 to 97 months of imprisonment is entirely warranted, but it is also justified in order to promote respect for the law and to promote just punishment for the offense. The defendant has a criminal history which consists of an additional robbery conviction and results in a Criminal History Category of III. PSR ¶¶ 91-94. A sentence imposed by the Court must also deter the defendant from further criminal conduct, and must also protect the community. A sentence of 78 to 97 months of imprisonment accomplishes both of these directives, and is reasonable in evaluating the defendant's role in this crime.

In evaluating the totality of this offense, as well as the individual history and characteristics of the defendant, a sentence of 78 to 97 months of imprisonment is sufficient to provide just punishment for the defendant, deter her from such conduct in the future, and also protect the public for a necessary period of time. This period of imprisonment will also enable the defendant to obtain the necessary treatment and programs she requires for rehabilitation. Therefore, the government advocates that a term of 78 to 97 months of imprisonment addresses all of the § 3553(a) factors, and is a sufficient but not greater than necessary sentence.

## RESTITUTION

Parker does not argue restitution in this case. Nevertheless, her other co-conspirators do and the government believes it is incumbent upon us to properly advise the Court on the relevant statutes and law pertaining to said restitution.

The government has worked with probation to determine a proper restitution amount based upon the current body of case law on this topic. At this time, it appears restitution should not be granted as to Trystan Kahn and E.J. because they have not suffered bodily injury as a result of this crime. The government believes that the correct restitution number is $15,891.98. This final number is reduced from the PSR total by the amount submitted by Mr. Kahn for lost wages and

counseling, and half of the number submitted by R.J. and E.J. for future counseling.[1]

The government submits the following case law in support of this final restitution request. In *U.S. v. Reichow*, 416 F.3d 802 (8th Cir. 2005), the Eighth Circuit Court of Appeals denied restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C.A. § 3663A, for bank employees who suffered trauma but not physical injury as a result of an armed bank robbery. The employees sought restitution for the cost of psychological treatment, but the defendant argued that he should not have to pay restitution for non-bodily harm. Noting that 18 U.S.C.A. § 3663A(b)(2)(A) provides for restitution, including the costs of psychological and other nonmedical care "in the case of an offense resulting in bodily injury," the court determined that the plain language of the statute did not provide for such restitution in the absence of bodily injury. Because the bank employees in this case did not suffer any bodily injury, the court concluded that they were not eligible for restitution for their psychological treatment expenses under the MVRA, and thus, the court held, the district court had abused its discretion in ordering the defendant to pay $525 for the psychological counseling of the bank's employees.

---

[1] The government submits that the full amount of restitution submitted by R.J. be awarded as R.J. did suffer bodily injury as a result of this crime.

Additionally, the Court in *U.S. v. LaBarge*, 2007 WL 171992 (N.D. Iowa 2007) (unreported opinion), held that under the MVRA, the defendant was not required to pay restitution to the victim for a psychological injury without bodily injury. The defendant robbed a flower shop where the victim worked, pointed a gun at her and ordered her to hand over the money in the shop's cash register and in her purse and the keys to her car. Immediately following the robbery, the victim felt tightness and pain in her chest and was diagnosed with post-traumatic stress disorder (PTSD), prescribed medications, and ordered not to work. The court found that the MVRA authorizes restitution for professional services for psychiatric and psychological care only in cases where the offense results in bodily injury to a victim, and that since PTSD is a psychological injury, not a bodily injury, the court could not order the defendant to pay restitution under the MVRA.

The government could find no situations similar to Parker's in which a victim was awarded restitution without bodily injury. Thus, it appears the Court may wish to award restitution in this matter in the amount of $15,891.98.

DATED this 23rd day of January, 2017.

                                         MICHAEL W. COTTER
                                         United States Attorney

                                         */s/ Tara J. Elliott*
                                         Assistant U.S. Attorney
                                         Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the body of the attached memorandum is proportionately spaced, has a typeface of 14 points or more, and the body contains 1,157 words, excluding the caption and certificate of compliance.

                                        MICHAEL W. COTTER
                                      United States Attorney

                                      */s/ Tara J. Elliott*
                                      Assistant U.S. Attorney
                                      Attorney for Plaintiff